## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NENNEH SESAY, | : | CIVIL ACTION NOS. |
| *Plaintiff.* | : | 22-CV-0082 |
| | : | 22-CV-0083 |
| | : | 22-CV-0119 |
| | : | 22-CV-0934 |
| | : | 22-CV-0936 |
| | : | 22-CV-0938 |
| | : | 22-CV-0939 |
| | : | 22-CV-1026 |
| | : | 22-CV-1061 |
| | : | 22-CV-1062 |
| | : | 22-CV-1067 |
| | : | 22-CV-1068 |
| | : | 22-CV-1069 |
| | : | 22-CV-1158 |
| | : | 22-CV-1254 |
| | : | |

## MEMORANDUM

**PAPPERT, J.**                                                    **April 12, 2022**

Since 2022, *pro se* Plaintiff Nenneh Sesay[1] filed fifteen cases in this Court, ten

between March 7 and March 14 alone.  The Court grants Sesay leave to proceed *in*

*forma pauperis* in these cases and dismisses them pursuant to 28 U.S.C. §

1915(e)(2)(B):  *Sesay v. Kamara*, Civ. A. No. 22-0082, *Sesay v. Sescey*, Civ. A. No. 22-

0083, *Sesay v. Sescey*, Civ. A. No. 22-0119, *Sesay v. Kamara*, Civ. A. No. 22-1158, *Sesay*

*v. United States Military/Army*, Civ. A. No. 22-0934, *Sesay v. Xfinity/Comcast*, Civ. A.

---

[1]       Since July 2021, Nenneh Sesay filed twenty lawsuits here.  She spells her name
inconsistently in her filings, but recently told the Clerk of Court in person that her name's proper
spelling is Nenneh Sesay.  Nevertheless, some of her subsequent filings identify her as Nenneh
Sesay Moet.  For ease of reference and consistency, the Court refers to her simply as Sesay, including
in the captions of her various cited civil actions.  Sesay spelled her last name as "Sescey" in many
filings and sued defendants with the same last name, spelled the same way, suggesting she may may
share an unspecified familial relationship with these parties.  The last names of those defendants
will remain spelled as alleged in the original filings.

No. 22-0936, *Sesay v. Roc Nation/Music*, Civ. A. No. 22-0938, *Sesay v. Mercy Fitzgerald Hospital*, Civ. A. No. 22-0939, *Sesay v. CYS/Delco*, Civ. A. No. 22-1026, *Sesay v. SEPTA Transportation*, Civ. A. No. 22-1061, *Sesay v. United States Military*, Civ. A. No. 22-1062, *Sesay v. United States Military*, Civ. A. No. 22-1067, *Sesay v. Sierra Leone Parliament*, Civ. A. No. 22-1068, *Sesay v. Roc Nation/Kamara Turney Family*, Civ. A. No. 22-1069, and *Sesay v. Biden Administration*, Civ. A. No. 22-1254.

Sesay is hereby informed that the Court may consider future similar filings to constitute an abuse of the privilege to proceed *in forma pauperis*. If she continues to file repeated, groundless complaints, she may be required to show cause why she should not be enjoined from filing non-habeas civil cases *in forma pauperis*.

I

From July through September 2021, Sesay filed five lawsuits in this Court: (1) *Sesay v. YouTube*, Civ. A. No. 21-3311; (2) *Sesay v. Kamara*, Civ. A. No. 21-3315; (3) *Sesay v. Walmart/Onn Unit*, Civ. A. No. 21-3355; (4) *Sesay v. Boost Mobile*, Civ. A. No. 21-3638; and (5) *Sesay v. Onwulsbull*, Civ. A. No. 21-4379. Although each of the 2021 cases have been dismissed, they illustrate Sesay's emerging pattern of litigation.

In the 2021 cases, Sesay named a wide range of defendants including a social media company, a wireless communications carrier, a discount retailer and several individuals with whom she had had family or personal connections. While the cases' specific allegations varied somewhat, they centered on Sesay's contentions that: (1) she was the subject of illegal surveillance and monitoring made possible by illegal wiretaps, data breaches and the compromise of her cellphone, television and social media accounts; (2) she and her children were being tracked, stalked, and harassed as a

result; and (3) her privacy rights were being violated because her "information"[2] was being used without her consent.

## A

On July 21, 2021, Sesay filed *Sesay v. YouTube*, Civ. A. No. 21-3311 (ECF 2), her first Complaint in this Court. She named YouTube and its Legal Department as defendants and alleged her YouTube account was hacked, she was being harassed and stalked because of her 2002 appearance in an adult magazine and that YouTube violated its privacy policy and put Sesay and her children at risk. (Civ. A. No. 21-3311, ECF 2 at 3-4.) On November 18, 2021, the Court granted Sesay leave to proceed *in forma pauperis*, dismissed her federal claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed her state law claims without prejudice for lack of jurisdiction. (Civ. A. No. 21-3311, ECF 9 & 10). Sesay could not state a plausible constitutional claim pursuant to 42 U.S.C. § 1983 because neither YouTube, as a private social media company, nor its Legal Department, were state actors subject to liability under the statute. (Civ. A. No. 21-3311, ECF 9 at 3-4.)

## B

Sesay filed her second case, *Sesay v. Kamara*, Civ. A. No. 21-3315, on the same day as her first. She subsequently filed an Amended Complaint and then a Second Amended Complaint (ECF 9) became the operative pleading. Badora Kamara was the sole defendant and Sesay alleged all her accounts were compromised and her images sold to others for money as a result of surveillance conducted in her home without her

---

[2]     None of Sesay's 2021 cases ever sufficiently described the nature of the "information" she claimed the Defendants were using without her consent.

consent.  (Civ. A. No. 21-3315, ECF 9 at 2-3.)  While she did not directly tie Kamara to her allegations, Sesay alleged his unspecified personal issues resulted in a data breach and the illegal removal of her children.  (*Id.* at 3-4.)

Sesay was granted leave to proceed *in forma pauperis* and her Second Amended Complaint was dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction on December 9, 2021.  (Civ. A. No. 21-3315, ECF 10 & 11.)  Sesay did not state a plausible constitutional claim under 42 U.S.C. § 1983 because it was unclear whether Kamara was a state actor subject to § 1983 liability.  (*Id.*)  She was given leave to file a third amended complaint if she could allege facts to show he was a state actor or if she could allege facts to establish diversity jurisdiction for any state law claims.  Because Sesay did not do so, on March 24, 2022 the Court dismissed her federal claims with prejudice and her state law claims without prejudice without further leave to amend.  (Civ. A. No. 21-3315, ECF 12.)

C

On July 23, 2021, just two days after filing her first and second cases, Sesay filed a Complaint (ECF 1) in a third case:  *Sesay v. Walmart/Onn Unit*, Civ. A. No. 21-3355. She named Walmart and its Onn Unit, an in-house electronics manufacturer, as defendants and alleged two Onn televisions she purchased at separate Pennsylvania Walmart stores had illegal wiretaps and illegal surveillance installed in them and were being used to extort her and convert her apartment into a production studio.  (Civ. A. No. 21-3355, ECF 1 at 2-4.)  On November 19, 2021, the Court granted Sesay leave to proceed *in forma pauperis*, dismissed her federal claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed her state law

4

claims without prejudice for lack of jurisdiction.  (Civ. A. No. 21-3355, ECF 9 & 10).

Sesay did not state a plausible constitutional claim pursuant to 42 U.S.C. § 1983

because Walmart and Onn Unit were a private discount retailer and its in-house

electronics brand, not state actors subject to liability under the statute.  (*Id.*)

### D

Sesay filed her fourth lawsuit – *Sesay v. Boost Mobile*, Civ. A. No. 21-3638 – on

August 13, 2021 (ECF 2).  Boost Mobile was the sole defendant and Sesay alleged her

phone and account were compromised, resulting in the release of her personal

information, as well as her being tracked and followed, placing her and her children's

lives at risk and giving rise to claims for data breach, invasion of privacy, wiretap fraud

and surveillance fraud.  (Civ. A. No. 21-3638, ECF 2 at 2-4.)  The Court granted Sesay

leave to proceed *in forma pauperis*, dismissed her federal claims with prejudice for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismissed her

state law claims without prejudice for lack of jurisdiction on November 19, 2021.  (Civ.

A. No. 21-3638, ECF 9 & 10).  Sesay did not state a plausible constitutional claim

pursuant to 42 U.S.C. § 1983 because Boost Mobile was a private wireless

communications carrier, and not a state actor subject to § 1983 liability.  (ECF 9 at 5.)

### E

On September 30, 2021, Sesay filed her fifth case:  *Sesay v. Onwulsbull*, Civ. A.

No. 21-4379 (ECF 2).  She named Uchechukau Onwulsbull, her ex-boyfriend, former

roommate and father of her minor child, as the sole defendant.  (Civ. A. No. 21-4379,

ECF 2 at 3-5.)  She alleged he was negligent in failing to inform her he worked in law

enforcement and was employed as a federal agent at DHS and claimed he illegally

placed her under surveillance without her consent, which put her and her children at risk and somehow led to their illegal removal from her care.  (*Id.* at 2-5.)

Sesay was granted leave to proceed *in forma pauperis* and her Complaint dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and for lack of jurisdiction on November 19, 2021.  (Civ. A. No. 21-4379, ECF 4 & 5.)  She had not stated a plausible constitutional claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971) because she failed to allege enough facts to demonstrate federal action.  (Civ. A. No. 21-4379, ECF 4 at 4-5.)  The Court granted Sesay leave to amend her Complaint if she could allege facts to demonstrate federal action or if she could allege facts to establish diversity jurisdiction for any state law claims.  Because she did not amend her Complaint, the Court dismissed Sesay's federal claims with prejudice and her state law claims without prejudice without further leave to amend on January 5, 2022.  (Civ. A. No. 21-4379, ECF 6.)

II

Since the start of 2022, and after the dismissal of her first five actions, Sesay filed fifteen new cases in this Court.  Much like her 2021 cases, Sesay's 2022 cases – the subject of this Opinion – name a wide range of defendants including the United States Military, Xfinity/Comcast (a cable communications company), the Southeastern Pennsylvania Transportation Authority – SEPTA, the parliament of the country of Sierra Leone, the Biden Administration, the Department of Homeland Security, the Office of Children and Youth Services for Delaware County, the entertainment company Roc Nation, and Mercy Fitzgerald Hospital, as well as several individuals

6

with whom she appears to have personal connections or to whom she appears to be related.[3]

Sesay filed three complaints on January 6, 2022: *Sesay v. Kamara*, Civ. A. No. 22-0082 (ECF 1); *Sesay v. Sescey*, Civ. A. No. 22-0083 (ECF 2); and *Sesay v. Sescey*, Civ. A. No. 22-0119 (ECF 2).  She filed a fourth complaint on January 31: *Sesay v. Kamara*, Civ. A. No. 22-1158 (ECF 1).  Before the Court could address her January 2022 filings, Sesay filed four more complaints on March 7, 2022: *Sesay v. United States Military/Army*, Civ. A. No. 22-0934 (ECF 2); *Sesay v. Xfinity/Comcast*, Civ. A. No. 22-0936 (ECF 2); *Sesay v. Roc Nation/Music*, Civ. A. No. 22-0938 (ECF 2); and *Sesay v. Mercy Fitzgerald Hospital*, Civ. A. No. 22-0939 (ECF 2).  On March 14, 2022, Sesay filed six more lawsuits: *Sesay v. CYS/Delco*, Civ. A. No. 22-1026 (ECF 2); *Sesay v. SEPTA Transportation*, Civ. A. No. 22-1061 (ECF 2); *Sesay v. United States Military*, Civ. A. No. 22-1062 (ECF 2); *Sesay v. United States Military*, Civ. A. No. 22-1067 (ECF 2); *Sesay v. Sierra Leone Parliament*, Civ. A. No. 22-1068 (ECF 2); and *Sesay v. Roc Nation/Kamara Turney Family*, Civ. A. No. 22-1069 (ECF 2).  Sesay filed her twentieth Complaint on March 31, 2022: *Sesay v. Biden Administration*, Civ. A. No. 22-1254 (ECF 2).  All fifteen of the 2022 cases warrant dismissal.

A

*Sesay v. Kamara* (*Kamara II*), Civ. A. No. 22-0082 (ECF 1), Sesay's sixth case, names Badora Kamara and Uchechukau Onwulsbull as Defendants.  (Civ. A. No. 22-0082, ECF 1 at 2.)  While the Court granted Sesay leave to file amended pleadings

---

[3]     When summarizing the facts taken from Sesay's pleadings in each of her cases the Court adopts the pagination assigned by the CM/ECF system.

against these defendants in the independent actions she first initiated against them –
*Kamara*, Civ. A. No. 21-3315 and *Onwulsbull*, Civ. A. No. 21-4379 – Sesay instead
appears to have filed a single, new action against both.  In *Kamara II*, Sesay checked
the box indicating she seeks to bring a *Bivens* action against federal officials.  (Civ. A.
No. 22-0082, ECF 1 at 3.)  Like her 2021 cases, Sesay alleges repeatedly, in broad,
conclusory terms, that Kamara and Onwulsbull are using her information without her
consent but does not otherwise describe the information at issue or how they are using
it.  (*Id.* at 3, 5.)  She references "False Imprisonment" approximately six times without
any supporting details.  (*Id.* at 4-7.)  She also makes references to "illegal surveillance",
"wiretap fraud", and "sexual scandal", but provides no factual allegations or context for
her use of these terms.  (*Id.* at 5.)

B

Sesay's seventh Complaint, *Sesay v. Sescey* (*Sescey I*), Civ. A. No. 22-0083 (ECF
2), names Abdul Kay Sescey as the sole Defendant.  Sesay identifies him as a CIA
Informant, makes repeated general allegations that he has been using her information
without her permission or consent for the past four years and contends his conduct is
illegal.  (Civ. A. No. 22-0083, Compl. at 3-5, 7.)  Sesay checked the box showing she
seeks to bring the case as a *Bivens* action and references "illegal imprisonment"
approximately four times with no facts or context for her use of that term. (*Id.* at 3-4, 6-
7.)  She also alleges the "[s]ubject illegally removed [her] kids using grandfather's rights
and using [her] SSI numbers and . . . money[.]"[4]  (*Id.* at 5.)

---

[4]     The nature of the relationship between Sesay and Abdul Kay Sescey is unclear, though the
Complaint suggests he may be her father and the grandfather of her children.

C

Sesay filed her eighth Complaint at the same time as her sixth and seventh cases:  *Sesay v. Sescey* ("*Sescey II*"), Civ. A. No. 22-0119 (ECF 2).  *Sescey II*, also marked as a *Bivens* action, names Maryann K. Sescey[5] as the sole Defendant and alleges she has used Sesay's information for personal gain without her consent for the past four years.  (Civ. A. No. 22-0119, ECF 2 at 3-5.)  Sesay references "illegal False Imprisonment" and "False Imprisonment by inserting illegal IP camera" but does not provide additional facts.  (*Id.* at 4, 6.)  As relief, Sesay "want[s] the Defendant to pay back money for all [her] accounts linked to [her]."  (*Id.* at 5.)

D

Sesay filed her ninth case on January 31, 2022:  *Sesay v. Kamara*[6] (*Kamara III*), Civ. A. No. 22-1158 (ECF 1).  The Complaint names Bility Kamara and Katie Sesay-Lewis as Defendants and is marked as another *Bivens* action.  (Civ. A. No. 22-1158, Compl. at 2-3.)  On page three of the Complaint, Sesay writes simply "Stay home" and the remainder of the Complaint is completely blank.  Sesay makes no other factual allegations against these Defendants, does not assert any additional legal claims or seek any form of relief.

E

On March 7, 2022, Sescey filed her tenth civil action:  *Sesay v. United States*

---

[5]      The nature of the relationship between Sesay and Maryann K. Sescey is unclear, though it again appears that the parties in this action share an unspecified familial relationship.

[6]      When it was filed, the Complaint in *Kamara III* was erroneously docketed as an Amended Complaint in *Kamara II*, Civ. A. No. 22-0082, because the respective first Defendants in *Kamara II* and *Kamara III*, Badora Kamara and Bility Kamara, have similar names.  The Clerk's Office has corrected this error and *Kamara III* was opened as a new action on March 28, 2022 with its proper January 31, 2022 filing date.

*Military/Army* (*US Military I*), Civ. A. No. 22-0934 (ECF 2).[7]  She names the United States Military/Army as the sole Defendant and brings the case pursuant to *Bivens* and 42 U.S.C. § 1983.  (*Id.* at 2-3.)  Sesay alleges that at some unspecified time she "began to get harassed by the United States Army" because someone in her family had a fight and the Military was using her to get back at this unidentified family member.  (*Id.* at 3.)  She appears to claim officials in the Military were "selling [her] book and tapes" and seeks a cash settlement as a result.  (*Id.*)  She also appears to claim she was discriminated against and her "women's right[s,] civil rights, [and] Constitutional rights" were violated because she was involved with a "political sex scandal."  (*Id.* at 4.)  Sesay also claims she was forced to involuntarily resign from her job as a nurse as a result of the reaction to her case against the Military.  (*Id.*)

Sesay alleges she has "been recorded in her" apartment since 2018 or 2019, there is a "radio room" in the basement, and she "double record[s] so they can't lie."  (*Id.* at 5.)  Sesay claims the recordings are used like a show and "they" are making money through her accounts with T-Mobile, Boost Mobile, Xfinity, and YouTube.  (*Id.*)  Sesay makes repeated references to "false imprisonment" without any further indication for her use of that term.  (*Id.* at 6.)  She seeks money damages from the Military for her and her kids for the rest of their lives.  (*Id.*)

F

On the same day, Sesay filed her eleventh case:  *Sesay v. Xfinity/Comcast (Xfinity)*, Civ. A. No. 22-0936 (ECF 2).  Asserting claims pursuant to *Bivens* and § 1983, she names Xfinity, a cable communications company, as the sole Defendant.  Her

---

[7]      The Complaint in *US Military I* is the first of four (4) complaints filed on the same day.

allegations are wide-ranging and difficult to categorize, but generally relate to her contention that her information, images or account are being used without her permission and Xfinity is making money off of her.  (Civ. A. No. 22-0936, Compl. at 3-4.) Sesay notes she is a former exotic dancer and alleges she is "on a sex tape called hit it from the back" and contends "Xfinity is making money from" her, presumably from the alleged distribution and viewing of this tape.  (*Id.* at 4-5.)  She also contends her Xfinity account was compromised in some way, and as a result claims she "began getting threatened and stalked and harassed by some law enforcement because they can see [her] in the camera that came with [her] home security [system] from Xfinity[.]"  (*Id.*) Sesay alleges Xfinity is "illegally recording" her and "making money off a fake show" in addition to making money off her YouTube account without her consent.  (*Id.* at 4.)  She again seeks a cash settlement.  (*Id.* at 3.)

## G

Also on March 7, 2022, Sesay filed her twelfth Complaint (her third that day): *Sesay v. Roc Nation / Music* (*Roc Nation I*), Civ. A. No. 22-0938 (ECF 2).  Beyond identifying herself as the Plaintiff and Roc Nation/Music as a Defendant in the caption and filling in her phone number and email address, the *Roc Nation I* Complaint is completely blank.  (*Id.* at 1, 11.)  It contains no factual assertions or legal claims of any kind and does not request any form of legal relief.  (*Id.* at 2-10.)

## H

Sesay's thirteenth Complaint – her fourth submitted on March 7, 2022 – *Sesay v. Mercy Fitzgerald Hospital*, ("*Mercy Fitzgerald*"), Civ. A. No. 22-0939 (ECF 2), names Mercy Fitzgerald Hospital in Darby, Pennsylvania as the sole Defendant.  She purports

to bring this action pursuant to *Bivens* and § 1983. (*Id.* at 2-3.) Sesay identifies herself as an "ex exotic dancer" who is "having issues with discrimination in the U.S." (*Id.* at 4.) She alleges that on January 8, 2022, she went to the emergency room at Mercy Fitzgerald Hospital with "level 10 stomach pains" seeking "care for [a] bacteria [sic] infection[.]" (*Id.* at 3, 5.) Sesay contends she was "refused care," leading to sepsis. (*Id.* at 3.) Sesay alleges she was told she did not "need bacteria meds and was asked to leave[,]" the staff was very rude to her, discriminated against her and called the police. (*Id.* at 5.) She claims she returned to the emergency room at Mercy Fitzgerald on January 20, 2022 for the same issues and a CAT scan was ordered. (*Id.*) She alleges she received various medications at that time which did not work, causing the bacterial infection to spread to her bloodstream resulting in sepsis. (*Id.*) Sesay seeks money damages for "what happened . . . because it was discrimination." (*Id.*)

## I

On March 14, 2022, Sesay filed another six lawsuits – the most in a single day to date, marking an escalating pattern of continuing filings against an increasing number of new and repeat defendants. The first of the March 14 Complaints – her fourteenth overall – *Sesay v. CYS/Delco* (*CYS*), Civ. A. No. 22-1026 (ECF 2), is brought pursuant to *Bivens* and alleges the Office of Children and Youth Services of Delaware County violated her and her children's constitutional rights. (*Id.* at 2-3.) Sesay claims she and her children are being discriminated against because she is an "artist and ha[s] a[n] adult tape that leaked." (*Id.* at 4.) Sesay asserts she is not a child molester and maintains there is no evidence of her being an unfit parent. (*Id.*) Sesay contends the agency "has been illegally harassing" her since 2019, claiming her "mental health is

declining[.]"  (*Id.*)  She alleges that in May 2021, she returned from the store to find her

"kids and their clothes were gone" and contends "someone paid to get [her] kids picked

up while [she] was out at the store[.]"[8]  (*Id.* at 4-5.)  Sesay claims her children were

removed in retaliation for a lawsuit she filed in March 2021 in the "Media

Courthouse[.]"  (*Id.* at 5.)  She seeks the return of her children and a cash settlement

for emotional suffering and abuse she and her children have endured as a result of

these "false accusations" and false claims about her mental health.  (*Id.* at 5, 7.)

## J

Sesay's fifteenth Complaint – the second one filed on March 14, 2022 – *Sesay v.*

*SEPTA Transportation (SEPTA)*, Civ. A. No. 22-1061 (ECF 2) is marked as a *Bivens*

action and names SEPTA as sole Defendant.  It alleges SEPTA "spreads information

and footage of a private sex tape" and Sesay is being blackmailed, followed, and

harassed because of this sex scandal and the tape's release.  (*Id.* at 2-5.)  Sesay also

contends her "constitutional rights have been violated while riding the bus" and she is

refusing to pay, presumably the necessary rider fares, as a result of this

"discrimination" based on her belief that SEPTA is profiting from her.  (*Id.* at 3, 5.)  She

repeatedly makes a request to "see the judge" for a cash settlement as compensation for

what she claims happened to her.  (*Id.* at 4, 7.)

## K

*Sesay v. United States Military/All Law Enforcement* ("*US Military II*"), Civ. A.

No. 22-1062 (ECF 2) is her sixteenth case and the third Complaint filed on March 14,

---

[8]  The Complaint seems to suggest that two individuals by the names of Maya Banks and Jennifer
Albrite, who are not CYS workers, were somehow involved in the removal of her children, but does
not provide any additional details.

2022.  It begins with the phrases "false imprisonment" and "grievance for cash settlement[.]"  (*Id.* at 1.)  Thereafter, Sesay brings the case as a *Bivens* action against a Defendant she identifies as "United States Military, All Law Enforcement, Federal Government, Across 52 States."  (*Id.* at 2-3.)  She alleges generally that she has been "harassed for the past 2 years by these agencies because [she is] a former entertainer."  (*Id.* at 4; *see also id.* at 5.)  Sesay goes on to repeat the phrase "False Imprisonment" several more times without providing any additional details and lists phrases like "wiretap fraud", "surveillance fraud", and "infringement" against an "artist".  (*Id.* at 6-7.)

## L

Sesay's seventeenth Complaint – the fourth filed on March 14, 2022 – is *Sesay v. United States Military* ("*US Military III*")*,* Civ. A. No. 22-1067 (ECF 2).  It names multiple Defendants, each of whom are named in at least one of Sesay's other cases:  (1) United States Military/All Law Enforcement; (2) Roc Nation; (3) CYS/Delco; (4) Mercy Fitzgerald Hospital; (5) Xfinity/YouTube; and (6) the Kamara Family. (*Id.* at 2-3.) Sesay conclusorily alleges her "Constitutional rights [and] all [her] rights have been violated" and "[a]ll these Defendants are being brought to court at [her] request for all the listed accusation[s]/[a] cash settlement[.]"  (*Id.* at 3-4.)  Sesay also contends she "started noticing that the local law enforcement [was] . . . having problems with [her] family."  (*Id.* at 4.)  Sesay asserts the "whole world is a witness" to her allegations because "all social media returns from here to the White House."  (*Id.* at 4.)  Sesay claims she has not sustained any injuries but alleges her life and her children's lives have been altered so she seeks compensation for defamation of character to be able to

relocate with her family.  (*Id.* at 4-5.)

## M

Sesay's eighteenth Complaint – her fifth filed on March 14, 2022 – is *Sesay v. Sierra Leone Parliament ("Parliament")*, Civ. A. No. 22-1068 (ECF 2).  Beyond naming herself as the Plaintiff and the Parliament of the country of Sierra Leone as a Defendant in the caption, the Complaint is completely blank.  (*Id.* at 1-11.)  Like several of Sesay's recent filings, it contains no factual assertions or legal claims of any kind and does not request any form of legal relief.  (*Id.* at 2-10.)

## N

Sesay's nineteenth Complaint – her sixth and final March 14, 2022 submission – is *Sesay v. Roc Nation* ("*Roc Nation II*"), Civ. A. No. 22-1069 (ECF 2).  It begins by stating that "[t]he Federal Supreme Court never have a case valid at all AKA against Nenneh Sesay, the real 'Moet.'"  (*Id.* at 1.)  Sesay purports to bring the case as a *Bivens* action against several Defendants named in prior actions, including Roc Nation, Maryanne Sesay, and Uchechukau Onwulsbull.  (*Id.* at 2-3.)  She alleges her "rights were violated as well as [her] kids [rights]" and her "personal info was used and leaked[.]"  (*Id.* at 3.)  Sesay contends she "never gave this company permission to record [her] . . . or [her] children[.]"  (*Id.* at 6.)  She makes multiple references to "false imprisonment" as well as defamation of character, harassment, and stalking, but does not further specify the nature of her claims or offer clear supporting factual allegations.  (*Id.* at 4, 6, 8, 11.)

## O

Sesay filed her twentieth case on March 31, 2022:  *Sesay v. Biden*

*Administration* (*Biden Administration*)*,* Civ. A. No. 22-1254 ((ECF 2).  The caption of

the Complaint names the Biden Administration and "DHS vis Homeland Security" as

Defendants.  (*Id.* at 1.)  However, on the designated line for the first defendant in the

body of the Complaint, Sesay wrote "DHS via Homeland Security including All of my

family members involved No PDA on File All atys [sic] involved." (*Id.* at 2.)  Sesay

again seeks to proceed pursuant to *Bivens* and states she is "requesting a compensation

hearing" and a "cash settlement" based on violations of her civil and constitutional

rights.  (*Id.* at 3.)  She claims she is entitled to compensation because her "family

members and DHS etc., made a witness protection deal without [her] consent[.]"  (*Id.* at

4.)  She reiterates her allegations that she is "in a[n] illegal jail" and subject to "false

imprisonment" and is being "illegally recorded and harassed" apparently in connection

with her prior employment as an exotic dancer.  (*Id.*)  Sesay claims she has not yet

sustained any injuries beyond "verbal threats [in] violation of every constitutional

right[.]"  (*Id.* at 5.)

## III

### A

    When a person submits an affidavit including a statement of assets

demonstrating an inability to pay, the Court may authorize them to commence a civil

action without prepaying fees.  *See* 28 U.S.C. § 1915(a)(1); *Piskanin v. Ct. of Common*

*Pleas of Lehigh Cnty. & all of its Judges*, 359 F. App'x 276, 278 (3d Cir. 2009) (*per*

*curiam*).  Although the *in forma pauperis* statute refers to prisoners, federal courts

apply it "to all persons applying for IFP status, and not just to prisoners."  *Lister v.*

*Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *see also Haynes v. Scott*, 116

F.3d 137, 39-40 (5th Cir. 1997) ("There is no indication in the statute or legislative history . . . that Congress meant to curb i.f.p. suits by nonprisoners . . . .").

While a litigant may have been granted leave to proceed *in forma pauperis* in prior actions, the statute does not authorize the Court to commence a new action based on "prior grants of pauper status." *Piskanin*, 359 F. App'x at 278. Rather, "[e]ach new lawsuit filed requires an up-to-date affidavit of poverty[.]" *Id.* In determining whether a plaintiff is eligible to proceed *in forma pauperis*, the Court must assess the plaintiff's financial status. *See Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). "When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous . . . to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 F. App'x 522, 523 (3d Cir. 2007) (*per curiam*) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989) (alteration in original)).

With respect to the fifteen cases Sesay filed in 2022, she seeks leave to proceed *in forma pauperis* in all but one.[9] Unfortunately, Sesay's IFP applications are not consistent across the cases and many are deficient in various respects. For example, some are unsigned. (*See, e.g.*, *SEPTA*, Civ. A. No. 22-1061, ECF 1 at 3; *US Military II*, Civ. A. No. 22-1062, ECF 1 at 3.) Several others are incomplete and do not provide sufficient information regarding her current financial circumstances. (*See, e.g.*, *Sescey I*, Civ. A. No. 22-0083, ECF 1 at 3-5; *Sescey II*, Civ. A. No. 22-0119, ECF 1 at 3-5; *US Military II*, Civ. A. No. 22-1067, ECF 1 at 3-4.) At least one of Sesay's IFP applications is completely blank. (*See Parliament*, Civ. A. No. 22-1068, ECF 1 at 1-3.) In several

---

[9]     Sesay did not submit an IFP application with the Complaint she filed in *Kamara III* on January 31, 2022.

cases, Sesay submitted the short form IFP application used by prisoners. (*See, e.g.*, *CYS*, Civ. A. No. 22-1026, ECF 1; *SEPTA*, Civ. A. No. 22-1061, ECF 1; *US Military II*, Civ. A. No. 22-1062, ECF 1; *Roc Nation II*, Civ. A. No. 22-1069, ECF 1; *Biden Administration*, Civ. A. No. 22-1254, ECF 1). Despite these deficiencies, several of Sesay's IFP applications are complete, signed, provide adequate financial information and are submitted on the proper IFP form. (*See, e.g.*, *Kamara II*, Civ. A. No. 22-0082, ECF 2; *US Military I*, Civ. A. No. 22-0934, ECF 1; *Xfinity*, Civ. A. No. 22-0936, ECF 1; *Roc Nation I*, Civ. A. No. 22-0938, ECF 1; *Mercy Fitzgerald*, Civ. A. No. 22-0939, ECF 1.)

While the Court could issue an order for each case in which Sesay's IFP application is deficient (or where no IFP application has been filed) and direct her to cure those deficiencies, it would only serve to delay resolution of these matters and likely result in Sesay filing additional cases with similar deficiencies. Accordingly, in the interest of judicial economy, and considering Sesay's submission of fourteen separate IFP applications in just over sixty days, the Court reviews her requests to proceed *in forma pauperis* together and considers the cumulative effect of all available financial information to determine her current ability to pay the filing fees. *Cf. Wooten v. Terry*, No. 07-1703, 2007 WL 4526515, at *1 (E.D. Cal. Dec. 19, 2007) (concluding the interests of judicial economy were best served by deeming an incomplete IFP application to have made the required showing rather than engaging in further court orders that would only cause further delay).

Considering Sesay's pending IFP applications together, it appears she is not capable of paying the fees required to commence all fifteen of her pending cases and she

may proceed *in forma pauperis* in each.  *See* 28 U.S.C. § 1915(a)(1).

B

Because Sesay is proceeding *in forma pauperis*, the Court is required to screen

her Complaints under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal if, among

other things, they are frivolous or fail to state a claim.  This screening obligation

applies whether or not the *in forma pauperis* plaintiff is a prisoner.  *See Atamian v.*

*Burns,* 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he provisions of § 1915(e) apply to all *in*

*forma pauperis* complaints, not simply those filed by prisoners."); *Stamos v. New Jersey*,

No. 09-5828, 2010 WL 457727, at *2 n.3 (D.N.J. Feb. 2, 2010)("While much of the

language in section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal

force to prisoner as well as nonprisoner in forma pauperis cases."), *aff'd*, 396 F. App'x

894 (3d Cir. 2010).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact,"

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915

"embraces not only the inarguable legal conclusion, but also the fanciful factual

allegation."  *Id.*  Section 1915 accords judges "the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless[,]" including claims that describe "fantastic or delusional scenarios[.]"

*Id.* at 327.  "[A] finding of factual frivolousness is appropriate when the facts alleged

rise to the level of the irrational or the wholly incredible[.]"  *Denton v. Hernandez*, 504

U.S. 25, 33 (1992).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed

by the same standard as motions to dismiss under Federal Rule of Civil Procedure

19

12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to consider whether Sesay has alleged "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At this "early stage of the litigation,", the Court accepts the facts alleged "as true," draws all "reasonable inferences" in Sesay's favor, and asks only whether a complaint, "liberally construed," contains enough facts to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (citation omitted). Conclusory allegations are not enough. *Iqbal*, 556 U.S. at 678. As Sesay is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A complaint also may be dismissed if it does not comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing Sesay is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). In determining Rule 8's "plain" statement requirement is met, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may satisfy this requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important question is whether "a pro se complaint's language . . . presents cognizable legal claims

to which a defendant can respond on the merits." *Id.* at 94.

"[A] pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Rule 8 dismissals are "'reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

## IV

Every Complaint Sesay filed in 2022 is deficient. Rather than addressing the pleading deficiencies on a case-by-case basis, the Court addresses them by category and identifies the relevant Complaints.

### A

To begin, despite Federal Rule of Civil Procedure 8's requirements, it is difficult to discern the full scope of Sesay's claims in any of her lawsuits. Several do not contain a short and plain statement explaining why she is entitled to relief.

Indeed, some of her Complaints contain no allegations at all. Specifically, the Complaints in *Roc Nation I*, Civ. A. No. 22-0938, *Parliament*, Civ. A. No. 22-1068, and *Kamara III*, Civ. A. No. 22-1158 are essentially blank. To the extent there is "a genuine dispute that supports a viable legal claim" in these cases, that "genuine dispute" is

"impossible to discern" because Sesay proffers no supporting factual allegations.  *Talley v. Harper*, No. 14-1411, 2017 WL 413069, at \*2 (W.D. Pa. Jan. 31, 2017).  Absent from the Complaints in *Roc Nation I*, *Parliament*, and *Kamara III*, are the necessary "who, what, where, when, and why" allegations Rule 8 requires in order to state a potential claim for relief.  *See Coates v. Erickson*, No. 12-11839, 2013 WL 1282424, at \*3 (D. Mass. Mar. 26, 2013) (finding pro se plaintiff's "sparse complaint [was] incoherent" and failed "to set forth plausible claims in accordance with Rule 8, because it lack[ed] the necessary 'who, what, where, when, and why'" information").

Many of Sesay's other Complaints also violate Rule 8's short and plain statement requirement because they contain only repeated, broad-based, conclusory legal terms or phrases without any additional factual support.  For example, the Complaint in *Kamara II* references "False Imprisonment" six times and references "illegal surveillance", "wiretap fraud" and a "sexual scandal" but does not provide any actual factual allegations or relevant context.  Civ. A. No. 22-0082 (Compl. at 4-7.)  The Complaint in *Sescey I* mentions "illegal imprisonment" four times without supporting facts and repeatedly alleges in general terms that Abdul Kay Sescey has been using Sesay's information for the last four years without her permission or consent.  Civ. A. No. 22-0083 (Compl. at 3-7.)  This pattern of repeatedly referencing general legal terms or phrases is present in several other Complaints.  (*See, e.g.*, *Sescey II*, Civ. A. No. 22-0119, Compl. at 3-6; *US Military II*, Civ. A. No. 22-1062, Compl. at 1-7); *Roc Nation II*, Civ. A. No. 22-1069, Compl. at 4-8, 11; *Biden Administration*, Civ. A. No. 22-1254, Compl. at 4-7.)

These Complaints also violate Rule 8 because Sesay does not identify actions

undertaken by discrete defendants and does not present legal claims to which any

defendant could respond on the merits.  *See Garrett*, 938 F.3d at 93-94.  Because

they represent some of the rare instances where the pleadings are "so confused,

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well

disguised[,]'" *id.* at 94, dismissal under Rule 8 is warranted in:  (1) *Karama II*, Civ.

A. No. 22-0082; (2) *Sescey I*, 22-0083; (3) *Sescey II*, Civ. A. No. 22-0119; (4) *Roc

Nation I*, Civ. A. No. 22-0938; (5) *US Military II*, Civ. A. No. 22-1062;

(6) *Parliament*, Civ. A. No. 22-1068; (7) *Roc Nation II*, Civ. A. No. 22-1069;

(8) *Kamara III*, Civ. A. No. 22-1158; and (9) *Biden Administration*, Civ. A. No. 22-

1254.

## B

Reviewed as a whole, the majority – seventeen – of Sesay's 2021 and 2022 cases

are frivolous.[10]  They assert her belief that she is the target of a far-reaching scheme of

discrimination meant to subject her to "illegal surveillance" through video and audio

recordings of her that result in others using her information for their financial gain in

myriad unspecified ways.  The alleged scheme is orchestrated by private individuals

(including Sesay's family members), private businesses (such as Xfinity, Walmart, Roc

Nation, Boost Mobile and YouTube) and state and federal government entities (such as

the Office of Children and Youth Services of Delaware County, SEPTA and the United

States Military), all working together to profit from Sesay's information, allegedly

violating her and her children's constitutional rights.  As best the Court can tell, Sesay

believes this scheme is connected to a "political sex scandal" arising from her prior

---

[10]    This includes cases that have already been dismissed.

employment as an exotic dancer, a leaked sex tape and her prior appearance in an adult magazine. Sesay appears to contend the scheme is being executed through several channels, including televisions she purchased which conduct illegal surveillance, compromised cell phone and social media accounts, false claims about her mental health, a leaked private sex tape, wiretaps and other "illegal surveillance" in her apartment, as well as threats, harassment and stalking by Defendants.

The cases predicated on this far reaching scheme "rise to the level of the irrational or the wholly incredible[,]" *Denton*, 504 U.S. at 32, and are appropriately dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because they lack a basis in fact. Federal courts routinely dismiss complaints asserting broad-based conspiracies of computer hacking, surveillance, tracking and the like, as factually frivolous under § 1915 where the allegations are fanciful, fantastic, delusional, irrational or wholly incredible. *See, e.g.*, *Nduka v. Williams*, 410 F. Supp. 3d 719, 721-722 (E.D. Pa. 2019) (finding *pro se* plaintiff's allegations of "the existence of a wide-reaching conspiracy among various rappers, producers, and their 'affiliates' specifically designed to thwart his success in the music industry by hacking devices and engaging in a social media campaign to taunt [plaintiff]" were wholly incredible and warranted dismissal as factually frivolous pursuant to § 1915(e)(2)(B)(i)); *Barnes-Velez v. Fed. Commc'n Comm'n*, No. 18-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018) (dismissing *pro se* complaint as frivolous under § 1915(e)(2)(B)(i) where it made "fanciful, fantastic, and delusional" allegations against the FCC, FBI and NSA asserting defendants wiretapped plaintiff's cell phone and home phone, illegally hacked her computer and tablet, installed cameras in her home, tampered with her mail and disclosed information

obtained from these efforts to third parties), *R. & R. adopted*, 2018 WL 4153937 (M.D.

Fla. Aug. 30, 2018); *Morgan v. Unknown FBI Agents*, No. 16-495, 2016 WL 11586214, at

*2-3 (W.D. Tx. May 3, 2016) (dismissing as frivolous under § 1915(e)(2)(B)(i) because

*pro se* plaintiff's "Complaint [was] paranoid and delusional . . . [where] [s]he believe[d]

that government agents [were] following her, hacking her computer, spying on her with

a camera at her home, and implanting devices in her body."), *R. & R. adopted*, 2016 WL

11586213 (W.D. Tx. May 31, 2016); *Riches v. Swartz*, No. 07-379, 2007 WL 2319819, at

*1-2 (W.D. Va. Aug. 13, 2007) (dismissing *pro se* plaintiff's § 1983 claims as frivolous

under § 1915(e)(2)(B)(i) where he made "clearly fantastic" allegations that defendants

violated his rights by hacking his computer, illegally wiretapping him, phishing,

spamming and code cracking); *cf. Campbell v. Brender*, No. 10-325, 2010 WL 4363396,

at *2, 4-5 (N.D. Tx. Oct. 25, 2010) (finding *pro se* plaintiff's claims against two

technology companies, federal judges, the Clerk of Court, several lawyers and a law

firm were "precisely the sort of fanciful, delusional claims that merit dismissal" where

plaintiff alleged a conspiracy "to hack into her home computer and certain public

library computers" and defendants more broadly "conspired to defeat her [prior]

employment suit by falsifying court records, burglarizing her home to steal files,

hacking into multiple computers, committing mail fraud, obstructing justice and

engaging in racketeering"); *Hughes v. Whitlock*, No. 07-1582, 2007 WL 3026910, at *1

(E.D. Mo. Oct. 16, 2007) (granting Rule 12(b)(6) motion where a complaint was

"obviously delusional" when *pro se* plaintiff alleged his neighbors were surveilling him

and hacking his computers on behalf of the United States government).

Sesay's allegations of a widespread scheme of surveillance, wiretapping,

audio/video recording, harassment, discrimination, stalking, a political sex scandal and

a leaked sex tape are generalized, conclusory and speculative at best.[11]  Because her

allegations are delusional, irrational, wholly incredible and lack a factual basis, the

following must be dismissed as frivolous:  (1) *Kamara I*, Civ. A. No. 22-0082; (2) *Sescey*

*I*, Civ. A. No. 22-0083; (3) *Sescey II*, Civ. A. No. 22-0119; (4) *US Military I*, Civ. A. No.

22-0934; (5) *Xfinity*, Civ. A. No. 22-0936; (6) *CYS*, Civ. A. No. 22-1026; (7) *SEPTA*, Civ.

A. No. 22-1061; (8) *US Military II*, Civ. A. No. 22-1062; (9) *US Military III*, Civ. A. No.

22-1067; (10) *Roc Nation II*, Civ. A. No. 22-1069; and (11) *Biden Administration*, Civ. A.

No. 22-1254.[12]

Sescey's Complaints are subject to dismissal for the additional reasons explained

below.

C

In many Complaints, Sesay contends her constitutional rights have been

violated, suggesting she is trying to raise claims under 42 U.S.C. § 1983.  In several

instances she checked the form complaint box indicating that is what she seeks to do.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law."  *West v. Atkins*,

---

[11]     The sole exception is Sesay's Complaint in *Mercy Fitzgerald*, Civ. A. No. 22-0939.  While it makes vague and generalized references to this far-reaching scheme and the notion of false imprisonment, it simultaneously appears to raise claims based on specific facts regarding Sesay's medical treatment for a bacterial infection that allegedly led to sepsis.  Dismissal for frivolity is not proper with respect to the allegations regarding Sesay's medical treatment.  Sesay's claims in *Mercy Fitzgerald* are addressed in more detail below.

[12]     These Complaints rely only on Sesay's generalized allegations of this far-reaching scheme, making them subject to dismissal for frivolity even though several are also subject to dismissal under Rule 8.

487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'"  *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).

Sesay purports to bring claims pursuant to § 1983 in:  (1) *US Military I*, Civ. A. No. 22-0934; (2) *Xfinity*, Civ. A. No. 22-0936; and (3) *Mercy Fitzgerald*, Civ. A. No. 22-0939.  Several other Complaints, while not explicitly citing § 1983, can also be liberally construed to assert such claims.  *See Kamara II*, Civ. A. No. 22-0082; *Sescey I*, Civ. A. No. 22-0083; *Sescey II*, Civ. A. No. 22-0119; *CYS*, Civ. A. No. 22-1026; *SEPTA*, Civ. A. No. 22-1061; *US Military III*, Civ. A. No. 22-1067; *Roc Nation II*, Civ. A. No. 22-1069; *Kamara III*, Civ. A. No. 22-1158; and *Biden Administration*, Civ. A. No. 22-1254.

Sesay's contentions regarding illegal surveillance and recording can be liberally construed as § 1983 claims for Fourth Amendment violations.  Generally, the Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."  U.S. Const. amend. IV.  To be liable under § 1983, a defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011).  "The Fourth Amendment protects citizens against government misconduct, those who exercise the power of the state.  It does not[, however,] create liability on the part of any person or entity not exercising governmental power."  *Sheriff v. Wireless*, No. 18-5057, 2018 WL 6725390, at *2 (E.D. Pa. Dec. 21, 2018).

The allegations in *Kamara II*, *Sescey I*, *Sescey II*, *US Military I*, *Xfinity*, *Mercy Fitzgerald*, *US Military III*, *Roc Nation II, Kamara III* and *Biden Administration* fail to state a claim against any Defendant[13] under § 1983 because they are not state actors, but are private entities, private individuals or federal actors.[14]  These Complaints do not allege facts to support an inference of a "close nexus" between Defendants' private conduct and the state itself such that the challenged actions can fairly be treated as actions of the state.  *Leshko*, 423 F.3d at 339.  Sesay also fails to allege any of these Defendants had any connection to a state, county or local governmental entity and none of her allegations suggest they were operating as anything other than private entities or individuals.  *Cf. Hepfl v. Boot*, No. 21-64, 2021 WL 1701801, at *2 (W.D. Pa. Apr. 8, 2021) (dismissing *pro se* plaintiff's § 1983 claims against his ex-girlfriend (and the mother of his child) because she was a private individual and not a state actor), *R. & R. adopted*, 2021 WL 1700043 (W.D. Pa. Apr. 29, 2021); *Linder v. Folcroft Police Dept*, No.

---

[13]     These Defendants are: (1) Badora Kamara (private individual); (2) Uchechukau Onwulsbull (private individual); (3) Abdul Kay Sescey (private individual); (4) Maryann K. Sescey (private individual); (5) Bility Kamara (private individual); (6) Katie Sesay-Lewis (private individual); (7) Xfinity/Comcast (private cable communications company); (8) Roc Nation (private entertainment company); (9) Mercy Fitzgerald Hospital (private hospital); (10) the United States Military (federal actor); (11) Biden Administration (federal actor); and (12) Department of Homeland Security (federal actor).

[14]     Unlike some of Sescey's other Complaints, *US Military I* fails to state a plausible § 1983 claim because the only named Defendant, the United States Military, is a federal actor, not a state actor, and § 1983 claims require action taken under color of state, not federal law.  *See Davis v. Samuels*, 962 F.3d 105, 115 (3d Cir. 2020) (concluding that because "[a]ll of the defendants here . . . are alleged to be federal actors or to have acted under color of federal law, . . .  the 1983 claim cannot stand.") (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) (Section 1983 "is addressed only to the state and to those acting under color of state authority" and "[i]t is well established that liability under § 1983 will not attach for actions taken under color of federal law.")).  Sesay's § 1983 claims against the United States Military in *US Military III* fail for the same reason (although her claims against the other *US Military III* Defendants do not).  The same is true for *Biden Administration* because neither the Biden Administration nor the Department of Homeland Security are state actors for § 1983 purposes.

18-4844, 2019 WL 934992, at *4 (E.D. Pa. Feb. 25, 2019) (concluding Mercy Fitzgerald

Hospital was not a state actor subject to § 1983 liability); *Sheriff*, 2018 WL 6725390, at

*2 (dismissing *pro se* plaintiff's constitutional claims against Verizon Wireless and

Verizon Fios because they were "private companies, rather than state actors" and could

not "as a matter of law violate the Fourth Amendment" and be subject to § 1983

liability); *Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018)

("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against

[them] should be dismissed."); *Torrence v. U.S. Bankr. Court for N. Dist. of Illinois, E.*

*Div.*, No. 17-3120, 2017 WL 3593116, at *4-5 (N.D. Ill. Aug. 21, 2017) (dismissing *pro se*

plaintiff's constitutional claims against Comcast because it was not a state actor); *see*

*also Carver v. Plyer*, 115 F. App'x 532, 537 (3d Cir. 2004) (holding St. Luke's Hospital –

a private hospital – "is not a state actor for purposes of section 1983 under any of the

possible tests used to determine whether one's conduct is attributable to the state").[15]

---

[15]     To the extent the Complaints in *CYS*, Civ. A. No. 22-1026 and *SEPTA*, Civ. A. No. 22-1061
could be liberally construed to allege § 1983 claims, dismissal for failure to state a plausible claim on
the basis that Defendants are not state actors is not proper. *Cf. Ford v. Se. Pa. Transp. Auth.*, 374 F.
App'x 325, 326 (3d Cir. 2010) ("We have previously found that SEPTA is a state actor.") (citing *Dykes*
*v. Se. Pa. Trans. Auth.*, 68 F.3d 1564 (3d Cir. 1995)); *see also Rose v. Adams Cnty., Pa.*, No. 14-420,
2014 WL 1321112, at *6 (M.D. Pa. Apr. 1, 2014) (finding a § 1983 claim against an Adams County
agency is really a claim brought against the County itself and subject to the municipal liability
standards annunciated in *Monell v. Department of Social Servs.*, 436 U.S. 658, 691 (1978)).

        Nevertheless, these claims fail for other reasons.  In *SEPTA*, any purported § 1983 claims
against SEPTA are subject to dismissal because her Complaint is frivolous pursuant to
§ 1915(e)(2)(B)(i).

        In *CYS*, Sesay's § 1983 claim against the Office of Children and Youth Services of Delaware
County is really against the County itself and is subject to the municipal liability standards
annunciated in *Monell*, 436 U.S. at 691.  To state a municipal liability claim, Sesay must allege the
defendant's policies or customs caused the alleged constitutional violation.  *Id.* at 694; *see also Natale*
*v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  She "must identify [the] custom
or policy, and specify what exactly that custom or policy was."  *McTernan v. City of York*, 564 F.3d
636, 658 (3d Cir. 2009).  Allegations that simply paraphrase the municipal liability standard, are too
vague and generalized to support a claim.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL
4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally

D

Sesay also checked the box on several form Complaints indicating she seeks to bring constitutional claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), the federal analogue to § 1983. *See also Vanderklok v. United States*, 868 F.3d 189, 198 (3d Cir. 2017) ("[A]ctions brought directly under the Constitution against federal officials have become known as '*Bivens* actions.'"). The availability of *Bivens* as a cause of action is limited, and "the Supreme Court has plainly counseled against creating new *Bivens* causes of action." *Vanderklok*, 868 F.3d at 199 n.8 (citing *Minneci v. Pollard*, 565 U.S. 118 (2012) (refusing to extend Eighth Amendment *Bivens* action to individuals working at a private prison); *FDIC v. Meyer*, 510 U.S. 471 (1994) (refusing to extend *Bivens* claim to federal agency defendant); *Schweiker v. Chilicky*, 487 U.S. 412 (1988) (refusing to extend *Bivens* to wrongful denials of disability benefits); *United States v. Stanley*, 483 U.S. 669 (1987) (refusing to extend *Bivens* to claimed injuries suffered incident to military service); *Chappell v. Wallace*, 462 U.S. 296 (1983) (refusing to extend *Bivens* to racial discrimination by military superiors)); *see also Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020) ("[E]xpansion of *Bivens* is a disfavored judicial activity," "it is doubtful" that *Bivens'* outcome would be the same if decided today, and "for almost 40 years, [the Supreme Court] ha[s] consistently rebuffed requests to add to the claims allowed under *Bivens*.") (internal quotations marks and citations omitted).

Sesay purports to bring *Bivens* claims in: (1) *Kamara II*, Civ. A. No. 22-0082;

---

paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases). Sesay's Complaint in *CYS* completely fails to allege a plausible *Monell* claim against Delaware County and must be dismissed pursuant to § 1915(e)(2)(B)(ii).

(2) *Sescey I*, Civ. A. No. 22-0083; (3) *Sescey II*, Civ. A. No. 22-0119; (4) *US Military I*, Civ. A. No. 22-0934; (5) *Xfinity*, Civ. A. No. 22-0936; (6) *Mercy Fitzgerald*, Civ. A. No. 22-0939; (7) *CYS*, Civ. A. No. 22-1026; (8) *SEPTA*, Civ. A. No. 22-1061; (9) *US Military II*, Civ. A. No. 22-1062; (10) *US Military III*, Civ. A. No. 22-1067; (11) *Roc Nation II*, Civ. A. No. 22-1069; (12) *Kamara III*, Civ. A. No. 22-1158; and (13) *Biden Administration*, Civ. A. No. 22-1542.  In each except *US Military II*, *US Military III* and *Biden Administration*, her *Bivens* claims fail and must be dismissed pursuant to § 1915(e)(2)(B)(ii) because none of the Defendants named are federal actors, and Sescey has not alleged any facts to demonstrate any Defendants acted under color of federal law.  Rather, they are private citizens, private companies or state entities.

*US Military I*, *US Military II*, *US Military III* and *Biden Administration* must be dismissed under § 1915(e)(2)(B)(ii) for a different reason.  Even assuming *Bivens* applies in the context Sesay alleges, sovereign immunity bars her claims against the United States Military, the Biden Administration and the Department of Homeland Security.  *See FDIC*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Treasurer of New Jersey v. United States Dep't of Treasury*, 684 F.3d 382, 395 (3d Cir. 2012) ("Without a waiver of sovereign immunity, a court is without subject matter jurisdiction over claims against federal agencies or officials in their official capacities.").

E

Beyond her constitutional claims, Sesay appears to assert state law tort claims regarding her medical treatment in *Mercy Fitzgerald*.  She is required to plead the grounds for federal jurisdiction over any state law claims.  *See* Fed. R. Civ. P. 8(a)(1);

*Lincoln Benefit Life Co. v. AEI Life*, LLC, 800 F.3d 99, 106 (3d Cir. 2015).

Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.,* 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Sesay does not adequately allege her citizenship in *Mercy Fitzgerald* because she does not do not name the state where she is domiciled, i.e., where she is physically located and seeks to remain. *See id*. On the designated spot of her form Complaint she sets forth only her name and a residential address in Darby, Pennsylvania. [16] (Compl. at 2). Nor does she adequately allege the Hospital's citizenship. She alleges only that it is also located in Darby, Pennsylvania. (*Id.*) Her allegations are not enough to allow the Court to determine citizenship for purposes of diversity.[17]

Absent diversity jurisdiction, and with the dismissal of Sesay's federal claims,

---

[16]   None of Sesay's other complaints adequately allege her citizenship for the same reasons.

[17]   Even if Sesay's allegations were sufficient to establish citizenship, both Sesay and Mercy Fitzgerald Hospital would be citizens of Pennsylvania. Complete diversity would be absent and the Court could not maintain jurisdiction over her state law claims. It would thus be futile to allow Sesay to amend her citizenship allegations.

the Court must decide whether to exercise its discretion to extend supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.  *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  The Court must decline to do so unless considerations of judicial economy, convenience and fairness require otherwise. *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).  They do not.

Sesay's state law claims are dismissed for lack of subject matter jurisdiction without prejudice to her right to bring them in an appropriate state court.

F

"If a civil-rights complaint fails to state a claim, a district court must grant leave to amend the complaint unless amendment would be futile or inequitable." *Vorchheimer v. Philadelphian Owners Ass'n*, 903 F.3d 100, 113 (3d Cir. 2018) (citing *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017)).  Leave to amend is not required for dismissals of frivolous claims.  *Grayson*, 293 F.3d at 112-113.

After careful consideration, Sesay may not amend any of her Complaints because amendment would be futile.  Several of Sesay's Complaints are frivolous and subject to dismissal pursuant to § 1915(e)(2)(B)(i) which does not require leave to amend.  *See Grayson*, 293 F.3d at 112-113.  To the extent she seeks to bring claims under § 1983, most Defendants named are not state actors and there does not appear to be any set of facts Sesay could plausibly allege to demonstrate state action.  Amendment of Sesay's *Bivens* claims would be futile as most Defendants are not federal actors, nor could she plausibly allege facts to show they are.  Finally, amendment of the Complaints subject to dismissal for violations of Rule 8 also would be futile given Sesay's pattern of filing repeated, groundless claims without heeding prior Court orders and opinions

explaining the proper basis for bringing various legal claims.

G

When "confronted with a pattern of conduct from which [the Court] can only conclude that a litigant is intentionally abusing the judicial process and will continue to do so unless restrained, [it] is entitled to resort to its power of injunction and contempt to protect its process." *Abdul-Akbar v. Watson*, 901 F.2d 329, 333 (3d Cir. 1990).  The All Writs Act, 28 U.S.C. § 1651(a), provides a district court with the ability enjoin "abusive, groundless, and vexatious litigation."  *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993).  However, this "broad" power "is limited by two fundamental tenets of our legal system – the litigant's due process and access to the courts."  *Id.*

Courts should not restrict a litigant from filing claims "absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions."  *Id.*; *see also Matter of Packer Ave. Assoc.*, 884 F.2d 745, 747 (3d Cir. 1989).  Here, those circumstances already exist.  Sesay has filed twenty separate civil actions in this Court since July of 2021 – a period of just over eight months, with a noted escalation in pace since January 2022.  While she filed five civil actions in just over two months in 2021, she filed four cases in January 2022 alone and another eleven in just over three weeks in March 2022.  All twenty of Sesay's Complaints now have been dismissed on screening under § 1915(e)(2)(B) as legally frivolous, for failure to state a claim or for some other legal defect.  Her claims are not confined to a single subject matter, defendant or type of defendant, or cause of action.  She has sued local, state and federal officials, large national companies ranging from Xfinity to Walmart, social media companies like YouTube, and private individuals for

numerous perceived harms all apparently arising out of her belief that they are using her information without her consent and illegally surveilling and recording her. Although the Court previously dismissed her 2021 cases for failure to state a claim under *Bivens* or § 1983, Sesay returned in 2022 with fifteen new civil actions that fail for almost identical reasons. Sesay filed all her baseless lawsuits without expense or consequence. Viewed as a whole, her pattern of litigation is abusive of the judicial process and the privilege of proceeding *in forma pauperis*.

Although the Court can screen and dismiss Sesay's frivolous filings under the screening provision of the *in forma pauperis* statute, "[f]rivolous claims amount to a waste of judicial resources and divert attention from processing good faith claims." *Brown v. City of Phila.*, Civ. A. No. 05-4160, 2009 WL 1011966, at *14 (E.D. Pa. Apr. 14, 2009). In the case of a continuous abuse of process, the ability to screen cases for frivolity under § 1915 "alone is not an efficacious remedy." *Abdul-Akbar*, 901 F.2d at 333. Nevertheless, before the Court can preclude Sesay from filing further *in forma pauperis* complaints, it must give her notice "to show cause" why she should not be enjoined from filing new civil actions on an *in forma pauperis* basis: injunctive relief that would "be narrowly tailored to fit the particular circumstances of the case before the District Court." *Brow*, 944 F.2d at 1038; *see also Gagliardi v. McWilliams*, 834 F.2d 81, 83 (3d Cir. 1987).

Accordingly, Sesay is hereby notified that if she continues to file repeated, groundless complaints, the Court may consider the appropriateness of enjoining her from filing future civil actions on an *in forma pauperis* basis.

An appropriate Order follows.[18]

                                        BY THE COURT:


                                        **_/s/ Gerald J. Pappert_**
                                        GERALD J. PAPPERT, J.

---

[18]     To the extent Sesay has motions pending in any of her dismissed cases, those motions are denied as moot.